UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

TIMOTHY EMMETT DAMRON,
TRUSTEE OF THE TIMOTHY EM-
METT DAMRON IRREVOCABLE
TRUST,

    *Plaintiff*,

    Case No. 5:25-CV-01345

v.

STEVEN MARLEY, INDIVIDUALLY
AND IN HIS PROFESSIONAL CA-
PACITY; JOHN T. HICKS, INDIVID-
UALLY AND IN HIS PROFESSIONAL
CAPACITY; JESSICA KATHLEEN
DAMRON, INDIVIDUALLY; MATT
SOSSI, INDIVIDUALLY AND IN HIS
PROFESSIONAL CAPACITY; AND
BEXAR COUNTY DISTRICT CLERKS
OFFICE, AND ALL OTHER AGENTS
OFFICERS, EMPLOYEES, OR PER-
SONS ACTING IN CONCERT
THEREWITH,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Timothy Emmett Damron's ("Damron") Motion to Proceed *in forma pauperis*, (*ECF No. 1*), and Emergency Petition for Writ of Mandamus and Application for Temporary Restraining Order, (*ECF No. 2*). Having reviewed Damron's Motions and all other relevant filings, this case is dismissed for lack of subject-matter jurisdiction.

## BACKGROUND

This case appears to arise out of child-custody proceedings between Timothy Emmett Damron ("Damron") and Jessica Kathleen Damron. *See, generally, ECF No. 1-1*. Damron attaches to his Proposed Complaint court records, including parenting plans, from the 37th Judicial District Court of Bexar County, Texas. *Id. at 15–203*.

Damron brings causes of action under 42 U.S.C. § 1983, as well as several other federal statutes, in connection with the child-custody proceedings. *Id*. In addition to monetary damages, Damron seeks "[i]mmediate injunctive relief restoring parent-child contact." *Id. at 10*.

## LEGAL STANDARDS

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). In making its determination, the Court will accept as true all well-pleaded allegations set forth in the Proposed Complaint and construe them in the light most favorable to Damron. *Truman v. U.S.*, 26 F.3d 592, 594 (5th Cir. 1994).

Generally, a federal court may have subject-matter jurisdiction in two ways: federal question or diversity. 28 U.S.C. §§ 1331, 1332. In this case, Damron alleges the Court has federal question jurisdiction under 42 U.S.C. § 1983, as well as several other federal statutes. *ECF No. 1-1 at 5*. Federal question jurisdiction exists when a case or controversy arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

**ANALYSIS**

Damron alleges the Court has federal question jurisdiction under 42 U.S.C. § 1983, as well as several other federal statutes. *ECF No. 1-1 at 5*. However, the thrust of Damron's suit is to restore "reasonable access to his child." *Id*.

"A complaint under § 1983 must allege that the acts complained of occurred under color of state law and that the complaining parties were deprived of rights guaranteed by the Constitution or laws of the United States." *Khansari v. City of Houston*, 14 F. Supp. 3d 842, 852 (S.D. Tex. 2014) (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)); *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995). Critically, Section 1983 only "allows private parties to sue state actors who violate their 'rights' under 'the Constitution and laws' of the United States." *Medina v. Planned Parenthood S. Atl.*, 145 S. Ct. 2219, 2227 (2025).

Here, Damron names as Defendants: Steven Marley, John T. Hicks, Matt Sossi, Jessica Kathleen Damron, and the Bexar County District Clerk's Office. *ECF No. 1-1 at 1*. However, no Defendant is a state actor or "individual acting under color of state law." *Khansari*, 14 F. Supp. 3d at 852. Instead, it appears Defendants Steven Marley, John T. Hicks, and Matt Sossi are private attorneys, and Defendant Jessica Kathleen Damron is his child's other parent. *ECF No. 1-1*.

As to the Bexar County District Clerk's Office, a department of a local governmental entity must "enjoy a separate legal existence" to be subject to suit. *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir.1991). Damron has the burden of showing that the county department has the capacity to be sued. *Darby*, 939 F.2d at 314.

Here, Damron does not point the Court to any Texas law permitting the Bexar County District Clerk's Office to sue or be sued separately from Bexar County, and his federal claims against the Bexar County District Clerk's Office must accordingly be dismissed.[1]

The court thus does not have federal question jurisdiction pursuant to 42 U.S.C. § 1983. *See Schaefer v. David Simpson Harris Cnty. IV-D Agency*, No. 4:24-CV-01142, 2024 WL 4682340, at *3 (S.D. Tex. Sept. 24, 2024), *R. & R. adopted*, No. CV H-24-01142, 2024 WL 4681618 (S.D. Tex. Nov. 4, 2024) ("[T]he mere mention of a federal law or bare assertion of a federal claim is not enough to obtain federal question jurisdiction . . . if they are so attenuated and unsubstantial as to be absolutely devoid of merit.") (cleaned up) (citations omitted).[2]

As to Damron's other federal causes of action, federal courts also do not have jurisdiction to decide domestic relations disputes. *Franks v. Smith*, 717 F.2d 183, 185 (5th Cir. 1983).

"If the federal court must determine which parent should receive custody [or] what rights the noncustodial parent should have," the court should dismiss the case pursuant to the domestic relations exception. *Rykers v. Alford*, 832 F.2d 895, 899–900 (5th Cir. 1987). Additionally, federal courts must abstain from granting equitable relief where: (1) the dispute involves an ongoing state judicial proceeding; (2) the subject matter of the state proceeding implicates an important state interest; and (3) the state proceedings afford an adequate opportunity to raise constitutional challenges. *Younger v. Harris*, 401 U.S. 37, 41–52 (1971). Family and child custody are important state interests. *Moore v. Sims*, 442 U.S. 415, 434 (1979).

---

[1] *E.g.*, *Lancaster v. Harris County*, 821 Fed. App'x 267, 271 (5th Cir. 2020) (affirming dismissal of claims against the Harris County District Clerk's Office on the basis that the plaintiff "directed [the Fifth Circuit] to no Texas law permitting Harris County entities . . . to sue or be sued separately from Harris County"); *see also Darby v. Pasadena Police Department*, 939 F.2d 311, 314 (5th Cir. 1991) ("Darby has failed to show that the City of Pasadena ever granted its police department the capacity to engage in separate litigation. His suit, as it stands, seeks recovery from a legal entity that does not exist for his purposes.").

[2] The court also notes that Plaintiff's Complaint mainly contains conclusory references to his constitutional rights and vague references to facts that do not allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *ECF No. 1-1; see Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

Even if the child custody proceedings are ongoing, there is ample reason for this Court to decline to move forward with Damron's present action. Here, Damron seeks relief from this Court to determine a domestic relations dispute of child custody. There is no reason to conclude Damron cannot adjudicate his claims in state court. In sum, whatever the status of the underlying state court proceedings, this Court cannot entertain any request for relief or any cause of action.

Finally, the Court notes it would be unable to grant Damron's Emergency Petition for Writ of Mandamus and Application for Temporary Restraining Order, (*ECF No. 2*).

Requests for a federal writ of mandamus are governed by 28 U.S.C. § 1361. This statute provides for "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Further, "[u]nder the All Writs Act, federal courts 'may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" *Max-George v. Honorable Justs. of Ct. of Crim. Appeals of Texas*, 788 F. App'x 274, 274 (5th Cir. 2019) (citing 28 U.S.C. § 1651(a)). Regardless of whether a claim is raised under § 1361 or § 1651, federal courts have no power to issue writs of mandamus to direct state officials or agencies in the performance of their duties. *Id.* at 274-75 (citing *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973)); *see also Kelley v. Creasy*, 773 F. App'x 797, 798 (5th Cir. 2019) (stating that a federal court does not have the authority to direct state officials to investigate a crime).

Accordingly, Damron's Emergency Petition for Writ of Mandamus and Application for Temporary Restraining Order, (*ECF No. 2*), asserting claims for mandamus or injunctive relief would be denied because the Court does not have the authority to mandate that state officials restore "reasonable access to his child." *ECF No. 1-1 at 5*.

5

**CONCLUSION**

For the reasons stated, it is **ORDERED** Timothy Emmett Damron's case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. **IT IS FURTHER OR-DERED** any pending motions are **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to terminate this case and issue a final judgment.

It is so ORDERED.
SIGNED this 24th day of October, 2025.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE